IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUDGE GRAY, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-4607 |
| | § | |
| FARMER'S INSURANCE | § | |
| COMPANY, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

ORDER

Pending before the Court are Defendants' Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction (Document No. 32); and *Pro Se* Plaintiff's Motion to Amend Complaint and Motion to Strike (Document No. 34). Having considered each motion, accompanying submissions, and applicable law, the Court determines that the defendants' motion to dismiss should be granted, and the plaintiff's motion should be denied as moot.

I. BACKGROUND

This is an insurance-related dispute arising from a motor vehicle accident. *Pro se* Plaintiff Judge Gray, Jr. ("Gray"), a Texas resident currently incarcerated by the Texas Department of Criminal Justice at the Cleveland Correctional Center, brings suit against Defendants Mid-Century Insurance Company of Texas ("Mid-Century") and Keith Collins (hereinafter "Defendants") for alleged bad faith, breach of

contract, and violations of the Texas Insurance Code and Prompt Payment Act.[1] Gray contends that he sustained permanent bodily injuries on March 20, 2023 after being struck by Kenneth Warren, an individual insured by Mid-Century. Gray further contends that Defendants failed to promptly settle his personal injury claim for $300,000.00, and now files suit for $1,000,000.00 "plus future damages."[2]

Based on the foregoing, on November 20, 2024, Gray filed suit *pro se* in this Court pursuant to the Court's diversity jurisdiction.[3] On May 12, 2025, Defendants filed the pending motion to dismiss for lack of subject matter jurisdiction. Gray did not respond to the Defendants' pending motion to dismiss within the timeframe required by the Federal Rules of Civil Procedure, failing to rebut or offer any evidence to counter Defendants' contentions.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled

---

[1] The Court notes that Gray incorrectly sued Defendant Mid-Century Insurance Company of Texas as "Farmers Insurance Company." For purposes of clarity, the Court will construe Gray's claims as being against "Mid-Century Insurance Company of Texas," a Texas insurer with a principal place of business in Dallas, Texas.

[2] *See Plaintiff's Amended Complaint*, Document No. 6 at 4

[3] *See Plaintiff's Amended Complaint*, Document No. 6 at 3.

to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendants move to dismiss Gray's causes of action, contending that no diversity of citizenship exists between the parties such to satisfy the jurisdictional requirements for diversity citizenship in federal court. Gray did not respond to Defendants' motion to dismiss, failing to rebut or offer any evidence to counter

3

Defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Regardless of Gray's failure to respond, the Court will consider the merits of both pending motions.

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a case for lack of subject matter jurisdiction. Here, Defendants contend that there is no diversity of citizenship between the plaintiff and each of the defendants in this case, as all are domiciled in Texas. Gray offers no rebuttal. An independent review of the record in this matter confirms that Defendant Mid-Century is a Texas based insurance company with a principal place of business in Dallas,[4] and Defendant Keith Collins, an adjuster for Mid-Century, is also a Texas resident.[5] The evidence in the record also shows that Plaintiff Gray is a Texas resident currently incarcerated by the Texas Department of Criminal Justice at the Cleveland Correctional Center. Accordingly, the Court finds that a lack of diversity exists between the parties in this matter such to satisfy the jurisdictional requirements for

---

[4] *See Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction*, Document No. 32, Exhibit 1 at 1 (*Mid-Century Insurance Policy*).

[5] *See Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction*, Document No. 32, Exhibit 2 at 1 (*Keith Warren's License*).

the Court to wield diversity jurisdiction.[6] Based on the foregoing, the Court finds that Defendants' motion to dismiss for a lack of subject matter jurisdiction should be granted. Accordingly, considering the Court lacks subject matter jurisdiction in this matter, the Court finds that Gray's motion filed out of time to amend his complaint to add another Texas based company should be denied as moot.[7]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction (Document No. 32) is **GRANTED**. The Court further

**ORDERS** that *Pro Se* Plaintiff's Motion to Amend Complaint and Motion to Strike (Document No. 34) is **DENIED AS MOOT**. The Court further

**ORDERS** that Plaintiff Judge Gray Jr.'s claims against Defendants Mid-Century Insurance Company of Texas, Keith Collins, and Jim Adler are **DISMISSED**.

---

[6] Considering the Court's finding that it lacks subject matter jurisdiction to adjudicate this matter, the Court declines to consider Defendants' arguments related to standing.

[7] The Court also makes note of service executed as to Defendant Jim Adler on May 28, 2025. Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within ninety days after the complaint is filed, the Court must dismiss the action without prejudice. Here, Gray first filed his initial complaint on November 20, 2024, and served Defendant Jim Adler over 180 days thereafter. Accordingly, the Court finds that Gray failed to properly effectuate service, and accordingly, finds that the claims against Jim Adler should be dismissed.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this 25 day of June, 2025.

*David Hittner*

DAVID HITTNER
United States District Judge